Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 16-2076

PEDRO BUSTILLO-FORMOSO,

Plaintiff, Appellant,

v.

MILLION AIR SAN JUAN CORPORATION; THOMAS HILL, individually and
as President of Million Air San Juan Corporation,

Defendants, Appellees,

JANE DOE; JOE DOE,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Bruce J. McGivern, U.S. Magistrate Judge]

Before

Torruella, Selya, and Kayatta,
Circuit Judges.

Javier A. Morales Ramos on brief for appellant.
Luis M. Rodríguez-López and Guzmán & Rodríguez-López Law
Office on brief for appellees.

August 9, 2017

**KAYATTA**, **Circuit Judge**. Plaintiff Pedro Bustillo-Formoso ("Bustillo") worked as an airplane pilot for defendant Million Air San Juan Corporation ("Million Air"). In 2012, Bustillo filed charges against Million Air with the United States Equal Employment Opportunity Commission and the Antidiscrimination Unit of the Puerto Rico Department of Labor, claiming that Million Air was discriminating against him because of his age. In at least one of those filings, Bustillo sought "[c]ompensation for damages, sufferings, and mental anguishes for [him] and [his] family."

Upon being notified of Bustillo's charges, Million Air told Bustillo that, because of his allegation of "damages, sufferings, and mental anguishes," the company was grounding him until he could obtain medical certification showing that he was still "fit to fly." Bustillo continued to receive his salary while he was grounded. When Bustillo went to meet with the doctor to whom Million Air had referred him, Bustillo refused to be examined because the doctor did not agree to place certain limitations on the examination. Among the requested limitations was a demand that the doctor not disclose his opinion of Bustillo's psychological condition to Million Air. Soon thereafter, Million Air fired Bustillo.

Bustillo later filed suit in the United States District Court for the District of Puerto Rico, alleging claims under the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, Puerto Rico Law 44, P.R. Laws Ann. tit. 1, §§ 501-511b, Puerto Rico Law 100, id. tit. 29, §§ 146-151a, and Puerto Rico Law 115, id. tit. 29, §§ 194-194b.  After full discovery, the parties cross-moved for summary judgment.  The magistrate judge, sitting as the district court without objection by the parties, granted summary judgment to Million Air.

On appeal, Bustillo argues primarily that his claim for "[c]ompensation for damages, sufferings, and mental anguishes for [him] and [his] family" did not justify Million Air's demand that he obtain medical certification that he was fit to fly.  Rather, Bustillo contends, Million Air's demand was a form of retaliation, a pretext for his later termination, and, in any event, insufficiently limited in scope.

The problem for Bustillo is that he did not adequately argue any of the foregoing to the magistrate judge.  On the question of retaliation, his opposition to Million Air's summary judgment motion merely stated the following:

> 1) Bustillo engaged in conduct protected under the ADEA - filing the Age Discrimination Charges;
>
> 2) Bustillo was thereafter subjected to an adverse employment action - suspension, grounding; and,

3) That a causal connection existed between the protected conduct and the adverse action.

Accordingly, the magistrate judge found that Bustillo "failed to develop an argument for his ADEA retaliation claim." With regard to pretext, Bustillo provided only the unsupported assertion that Million Air "offered a pretextual reason for an adverse employment action." Yet, as the magistrate judge correctly noted, such "conclusory arguments do not hold water at this stage of the proceedings." And finally, as the magistrate judge so found in assessing Bustillo's claim regarding the scope of the medical examination, Bustillo did not even "elaborate on the respects in which the requested medical examination was overbroad." Given Bustillo's failure below not only to tender any developed argument to support his assertions, but also to point to even a single piece of relevant evidence in the record, we decline to address his challenges to the medical referral on appeal. See Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir. 2012) ("[A]rguments not raised in the district court cannot be raised for the first time on appeal." (quoting Sierra Club v. Wagner, 555 F.3d 21, 26 (1st Cir. 2009))); Rocafort v. IBM Corp., 334 F.3d 115, 121 (1st Cir. 2003) ("Passing reference to legal phrases and case citation without developed argument is not sufficient to defeat waiver.").

Bustillo's appellate brief also challenges the magistrate judge's determination that Bustillo otherwise failed to

- 4 -

support or develop his various claims for relief. However, our own review of the record confirms that Bustillo has not advanced his claims in a manner that would have allowed the magistrate judge to understand and evaluate whatever evidence it was that Bustillo had in mind, much less to conclude that a reasonable jury could find in his favor. See Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 34 (1st Cir. 2010) ("To defeat a summary judgment motion, a party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))); Rocafort, 334 F.3d at 121.

We therefore affirm the dismissal of Bustillo's claims.